UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KUM NAM LEE,

                  Plaintiff,

v.                                      Case No:  6:23-cv-846-PGB-DCI

PROLAND MANAGEMENT,

                  Defendant.

_____/

**<u>ORDER</u>**

This cause is before the Court on initial review of the Complaint (Doc. 1) filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff resides in Los Angeles, California, and he initiated this case by filing the Complaint. Plaintiff did not pay the filing fee or move to proceed *in forma pauperis*.

Plaintiff's allegations are virtually impossible to decipher. For example, he alleges "tax payer damage or no discrimination by Jury a writ of attachment, garnishment an ownership amount of damage . . . ." (Doc. 1 at 1). Further, Plaintiff's address is in Los Angeles, California, and it is not clear that jurisdiction over this action lies in this Court. *See* 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in-- . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]"). Consequently, it is not clear as to

the basis upon which the Court has jurisdiction over this case, and the Court is unable to discern what claims, if any, Plaintiff is attempting to assert.

In addition, although Plaintiff is seeking relief under 42 U.S.C. § 1983, the Complaint is not written on the form required for use by *pro se* litigants, and, thus, it is incomplete. For example, it fails to provide historical information concerning Plaintiff's prior federal cases and does not indicate whether he has exhausted administrative remedies. In reviewing any previous filings, this Court must consider the nature of Plaintiff's actions that were previously filed. Plaintiff needs to apprise this Court of the nature of the actions that were previously dismissed and the reasons for the dismissal of those actions, including appeals.

If Plaintiff chooses to file a civil rights complaint in this Court to address any alleged constitutional violations, he must submit a fully completed civil rights complaint form and he must submit a copy of the form for each Defendant for service of process. The form requires a plaintiff to include detailed information regarding the defendant(s) a plaintiff intends to sue, the plaintiff's litigation history, a statement of the plaintiff's claims and facts, and the relief the plaintiff requests.

If Plaintiff chooses to file a complaint seeking relief other than civil rights relief, he must file a complaint that specifically delineates the basis upon which

the Court has jurisdiction and the specific relief being requested. If Plaintiff seeks federal habeas corpus relief, he must file a petition on the appropriate form.

If Plaintiff desires to proceed *in forma pauperis* in this Court, he must submit a fully completed affidavit of indigency. The Clerk's Office shall send to Plaintiff both the form for a civil rights complaint and the form for a motion for leave to proceed *in forma pauperis*.

If Plaintiff chooses to file a new case, he may complete and submit the appropriate forms. Plaintiff should not place this case number on the form(s), as the Clerk of the Court will assign a separate case number. As a result, this case will be dismissed without prejudice to give Plaintiff the opportunity to properly file a civil rights or other complaint/petition and to either pay the appropriate filing fee or submit an affidavit of indigency to the Court.

Accordingly, it is **ORDERED** and **ADJUDGED** that this case is **DISMISSED without prejudice**. The Clerk of the Court is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on May 16, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

3

Copies furnished to:

Unrepresented Party